**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:14-CV-00292-MR-DSC**

| | | |
|---|---|---|
| **JENNIFER NICOLE FOSTER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **AMANDA FISHER, et al.,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Leave to Amend" (document # 24) filed January 30, 2015 and "Jack Van Duncan's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted" (document #25) filed February 4, 2015.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1).

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Rule 15(a)(1) grants a party the right to "amend its pleading once as a matter of course," if done within twenty-one (21) days after serving the pleading, Fed. R. Civ. P. 15(a)(1)(A), or, "if the pleading is one to which a responsive pleading is required," a party may amend once as a matter of course, provided that it does so within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading

only with the opposing party's consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rule further provides that leave to amend shall be freely given "when justice so requires." Id.

After conferring with the chambers of the Honorable Martin Reidinger, recognizing that no responses in opposition to Plaintiff's Motion to Amend were filed, and considering Plaintiff's pro se status, Plaintiff's "Motion for Leave to Amend" (document # 24) will be granted.

The Court reminds Plaintiff of her obligation under Fed. R. Civ. P. 8(a) to file an amended complaint which contains a "short and plain statement" of her claims, as well as her obligation under Fed. R. Civ. P. Rule 8(d) to provide a "simple, concise, and direct" pleading. The purpose of the complaint is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "At its core, [Rule 8's] requirement is the most natural embodiment of the 'notice pleading' standard established by the Rules." Knox v. Davis, No. 5:11–CT–3266–F, 2012 WL 2116501, at * 2 (E.D.N.C. June 11, 2012) (citing Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir.2009)). "Rule 8 is not merely a toothless preference, guideline, or ideal; it establishes a fundamental requirement and is regularly enforced by the court." Id. Its violation is grounds for dismissal of a complaint. See, e.g., Sewarz v. Long, 407 F. App'x 718, 718–19 (4th Cir. 2011); North Carolina v. McGuirt, 114 F. App'x 555, 558 (4th Cir. 2004).

The Court further warns Plaintiff that her failure to comply with the Court's Orders, the Local Rules and the Federal Rules of Civil Procedure may result in DISMISSAL OF HER CLAIMS WITH PREJUDICE.

It is well settled that an amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot. <u>Young v. City of Mount Ranier</u>, 238 F. 3d 567, 573 (4th Cir. 2001) (amended pleading renders original pleading of no effect); <u>Turner v. Kight</u>, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint). Consequently, the Court orders that "Jack Van Duncan's Motion to Dismiss…" (document #25), be administratively DENIED as moot without prejudice.

IT IS HEREBY ORDERED that:

1. "Plaintiff's "Motion for Leave to Amend" (document # 24) is **GRANTED**. The Clerk is directed to docket attachment #1 to Plaintiff's Motion as the Second Amended Complaint in this case.

2. "Jack Van Duncan's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted" (document #25) is administratively **DENIED** as moot without prejudice.

3. The Clerk is directed to send copies of this Order to the pro se Plaintiff, counsel for Defendants; and to the Honorable Martin Reidinger.

**SO ORDERED**.

Signed: March 11, 2015

David S. Cayer
United States Magistrate Judge