# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL ACTION NO. 1:14CV292-MR-DSC

| | |
|---|---|
| JENNIFER NICOLE FOSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AMANDA FISHER, et. al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on Defendants' "Motion[s] to Dismiss … " (documents ##41, 43 and 48), as well as the parties' briefs and exhibits.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motions to Dismiss be granted as discussed below.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, an attorney who is proceeding pro se, brought this action pursuant to 42 U.S.C. § 1983 for damages arising from her arrest and incarceration for criminal contempt on November 5, 2011. Accepting Plaintiff's factual allegations as true, she appeared before Magistrate Amanda Fisher ("Fisher") at the Buncombe County Detention Facility ("BCDF") as attorney for the Occupy Asheville Movement. Plaintiff demanded to know "what the hell was going on with APD arresting

1

Occupy protesters for marching without a permit." Fisher instructed Plaintiff to "watch her language." Plaintiff asked Fisher how many warrants were outstanding and whether there was a procedure for Occupy protesters to self-surrender. Plaintiff alleges that Fisher refused to provide her with any information. Plaintiff became frustrated and left, stating "what the fuck is going on around here?" and "this is a bunch of bullshit." Two Buncombe County Sheriff's Deputies placed Plaintiff under arrest. Plaintiff was processed and brought back to the Magistrate window where she was served with a Judgment of Conviction of Contempt of Court imposing a five day active sentence. Approximately thirty minutes later, Plaintiff filed an appeal of her conviction and sentence. Fisher set a $10,000 "cash-only" bond pending appeal.

Plaintiff was incarcerated for approximately forty-eight hours before being released on November 7, 2011. She alleges that during her first twenty-four hours of confinement she was placed in a large holding cell that was intentionally kept at a low temperature. Her request to turn up the heat was denied. Plaintiff further alleges that other detainees wore "toilet paper" socks. Plaintiff alleges that the low temperature prevented her from resting. Plaintiff asserts that Sheriff Jack Van Duncan is liable for the low temperatures because he had actual or constructive knowledge that BCDF officers were implementing a policy to cause sleep deprivation.

Plaintiff alleges that during her second twenty-four hours of confinement she was placed on observation status in a solitary cell by Defendant Doe and forced to stare at a florescent light, with guards knocking on the window every fifteen minutes. Plaintiff alleges that the BCDF intentionally imposed these conditions of confinement with the intent to deprive her of sleep in retaliation for exercising her First Amendment rights as attorney for the Occupy Movement.

Plaintiff also names Chief District Court Judge Calvin Hill of the 28th Judicial District as a Defendant in both his official and individual capacities. During the appeal of her contempt

conviction, Plaintiff filed a removal petition against Fisher. Plaintiff alleges that Judge Hill summarily denied the petition without addressing her allegations of misconduct.

Plaintiff filed her original complaint on November 7, 2014. On December 30, 2014, she filed a Motion for Leave to File an Amended Complaint. The Court <u>denied as moot</u> Plaintiff's first motion for leave to amend because the time for her to amend as of right had not expired.

On January 21, 2015, Plaintiff filed her First Amended Complaint.

On January 30, 2015, Plaintiff filed a second Motion for Leave to File an Amended Complaint. On March 11, 2015, the Court <u>granted</u> Plaintiff leave to file a Second Amended Complaint and directed the Clerk to docket her attached Second Amended Complaint.

Defendants have filed their respective Motions to Dismiss, which have been fully briefed and are ripe for disposition.

## II. <u>DISCUSSION OF CLAIMS</u>

### A. <u>Standard of Review</u>

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." <u>Mylan Labs., Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." <u>Id.</u> at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

3

alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id.

### B. Section 1983 Claims against Sheriff's Department Defendants

"To state a claim under 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, (1988). Condition of confinement cases for pre-trial detainees are evaluated under the 14th Amendment:

> Conditions of confinement of pretrial detainees are evaluated under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment's proscription against cruel and unusual punishment. Bell v. Wolfish, 441 U.S. 520, 535, 537 n.16, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979); see also Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988). However, "pretrial detainees are entitled to at least the same protection under the Fourteenth Amendment as are convicted prisoners under the Eighth Amendment." Young v. City of Mount Ranier, 238 F.3d 567, 575 (4th Cir. 2001) (citing City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 243-44, 103 S. Ct. 2979, 77 L. Ed. 2d 605 (1983) and Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir. 1992)). Therefore, the standards applied in Eighth Amendment conditions of confinement cases are essentially the same as those in cases arising under the Fourteenth Amendment for pretrial detainees.

Jamison v. Bamberg, 2012 U.S. Dist. LEXIS 186577, 21-22, 2012 WL 7656426 (D.S.C. Nov. 28, 2012).

In a 14th Amendment conditions of confinement claim, plaintiff must allege facts demonstrating the serious deprivation of a basic human need (the objective prong) and deliberate indifference to the jail conditions by the defendant (the subjective prong). Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993). As for the objective prong, "extreme deprivations" are required to make out a conditions of confinement claim. Hudson v. McMillian, 503 U.S. 1, 8-9, (1992). Furthermore, the Supreme Court in Bell stated "there is, of course, a de minimis level of imposition with which the Constitution is not concerned." Bell, 441 U.S. at 539 n. 21. As for the second prong, deliberate indifference by an officer directly involved requires that the defendant "actually know of and disregard an objectively serious condition, medical need, or risk of harm." Rish v. Johnson,

131 F.3d 1092, 1096 (4th Cir. 1997).

Here, Plaintiff has failed to allege any serious deprivation of a basic human need or that any BCDF employee was deliberately indifferent to that condition. At most, Plaintiff has alleged that cool temperatures, a fluorescent light and officers knocking on her cell door made it difficult for her to rest for two nights. This hardly rises to the level of objectively serious conditions, medical needs, or risks of harm needed to support a § 1983 claim. Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). Aside from her request that the heat be turned up, Plaintiff alleges no facts showing that any officer was aware of these conditions or any serious deleterious effect they were having on her.

For those reasons, Defendant Doe and Duncan's Motions to Dismiss Plaintiffs' § 1983 claims against them in their official and individual capacities should be granted.

**C. Section 1983 Claims against Judicial Officials**

**1. Official Capacity claims**

To the extent that Plaintiff seeks relief from Defendants Fisher and Hill in their official capacities, the Eleventh Amendment bars suits brought in federal district court against a state by its own citizens as well as those by citizens of other states. See, e.g., Edelman v. Jordan, 415 U.S. 651, 662-63 (1974); Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 98 (1984); and Atascadero State Hospital v. Scanlon, 473 U.S. 234, 240 n. 2 (1985). The Eleventh Amendment also forbids actions against state officials for retroactive monetary relief. Kentucky v. Graham, 473 U.S. 159 (1985). Defendants Fisher and Hill are constitutional officers and judicial officials of the District Court Division of the North Carolina General Court of Justice. N.C. Const. Art. IV, Sec. 10; N.C. Gen. Stat. §§ 7A-130 and 7A-170. A state may waive its sovereign immunity against suit in federal court, but such waiver must be unequivocally expressed. Pennhurst State Sch. &

6

Hosp. v. Halderman, 465 U.S. 89, 99 (1984). There has been no such waiver by the State of North Carolina. Accordingly, Defendants Fisher and Hill's Motion to Dismiss should be granted as to Plaintiff's official capacity § 1983 claims.

### 2. Individual Capacity claims

Plaintiff's Section 1983 individual capacity claims against Defendants Fisher and Hill are barred by judicial immunity. Dennis v. Sparks, 449 U.S. 24, 27 (1980); see also Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction"); Stump v. Sparkman, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors.") The law is well settled in the Fourth Circuit that a judge may not be made liable for exercising judicial authority. Dean v. Shirer, 547 F.2d 227, 231 (4th Cir. 1976). The doctrine of judicial immunity survives even when judicial authority is exercised improperly. Id.

Plaintiff's individual capacity claims against these judicial officials must also be dismissed. Although Plaintiff disagrees with Fisher's decision to hold her in contempt and set a cash bond, those acts were clearly within the Magistrate's jurisdiction. That same analysis applies to Judge Hill's decision not to remove Fisher. For those reasons, the undersigned respectfully recommends that Defendants Fisher and Hill's Motion to Dismiss be granted as to Plaintiff's individual capacity § 1983 claims as well.

### III. ORDER

**IT IS ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and

Order.

## IV. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendants' "Motion[s] to Dismiss … " (documents ##41, 43 and 48) be **GRANTED** and the Second Amended Complaint be **DISMISSED WITH PREJUDICE**.

## V. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to <u>pro se</u> Plaintiff; to defense counsel; <u>and to the Honorable Martin Reidinger.</u>

**SO ORDERED AND RECOMMENDED.**

Signed: June 17, 2015

_____

David S. Cayer
United States Magistrate Judge